IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,971






EX PARTE ROBERT WAYNE WHITE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 30,545-B IN THE 124TH DISTRICT COURT


FROM GREGG COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex.Crim.App. 1967). Applicant was convicted of burglary of a
habitation and was sentenced to eight years' imprisonment. 

 Applicant contends that he is being denied credit for time spent incarcerated under a
pre-revocation (a/k/a blue) warrant. According to the writ record, Applicant was released to parole
for this Gregg County offense on May 16, 2005. The Parole Board issued a blue warrant for his arrest
on July 20, 2006. Thereafter, Applicant was arrested on August 31, 2006, for a new offense unrelated
to the blue warrant. It appears that this new offense was committed in Gregg County but that the
arrest for it occurred outside of the county. Applicant was then transferred to the Gregg County jail
on September 3, 2006, but the blue warrant remained un-executed. According to the trial court, a
hold caused by the un-executed warrant prevented Applicant from being released to bail on the new
charge. The blue warrant was later executed on December 1, 2006, and TDCJ is applying credit to
Applicant's sentence from that date. Applicant contends, however, that he is entitled to additional
credit from the date he was transferred to the Gregg County jail to the date the blue warrant was
executed because, although the blue warrant remained un-executed, he was not able to obtain bond
on the new charge because of the hold placed on him by the un-executed warrant. The trial court and
the State agree that Applicant is entitled to 89 days of credit from September 3, 2006, to November
30, 2006. However, the issue of whether Applicant is entitled to the time credit remains unsettled. 

 An inmate is entitled to time spent in confinement under a blue warrant from the date the
warrant is executed until the date the parole is revoked or the warrant is withdrawn. Ex parte
Canada, 754 S.W.2d 660, 668 (Tex.Crim.App. 1988). Applicant is receiving this time credit, and
it does not appear that the Canada decision addresses the issue raised by Applicant. The Government
Code, on the other hand, does state, "If it appears a releasee has violated a condition or provision of
the releasee's parole or mandatory supervision, the date of the issuance of the warrant to the date of
the releasee's arrest is not counted as a part of the time served under the releasee's sentence." Tex.
Gov't Code § 508.253. It remains unclear in Applicant's case whether "the date of the releasee's
arrest" refers to the date the blue warrant was executed or to the date of an arrest that occurs while
the blue warrant remains pending, albeit un-executed, and acts to deny the inmate release to bail on
another charge. We order that this application be filed and set for submission and that the parties
shall brief whether Applicant is entitled to the time credit in question.


 The trial court shall determine whether Applicant is indigent. If Applicant is indigent and
desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. 
Tex. Code Crim. Proc. art 26.04. The trial court shall send to this Court, within 30 days of the date
of this order, a supplemental transcript containing either the order appointing counsel or a statement
that Applicant is not indigent. 

 A copy of this briefing order shall also be forwarded to the Texas Department of Criminal 
Justice's Office of the General Counsel, which may file a brief arguing the position of TDCJ. All
briefs shall be filed with this Court on or before April 29, 2013.


Filed: February 13, 2013

Do not publish